## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOHN GAVIGAN,                              CASE NO.:

       **Plaintiff,**

vs.


LIGHTGRID, LLC.


       **Defendants.**     /
_____/


## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JOHN GAVIGAN ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, LIGHTGRID, LLC, a Foreign Limited Liability Company ("Defendant"), and states as follows:

## INTRODUCTION

1.      This case is brought pursuant to the Families First Coronavirus Response Act ("FFCRA"), Pub.L. No. 116-127, 134 Stat. 178 (2020), to recover front pay, back pay, liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, punitive damages and reasonable attorneys' fees and costs and any other relief to which Plaintiff is entitled including, but not limited to equitable relief.

1

2.      On March 18, 2020, the FFCRA was signed into law as a legislative initiative to address COVID-19. The FFCRA was thereafter enacted into law on April 1, 2020.

3.      In pertinent part, the FFCRA establishes paid leave for certain eligible employees impacted by the COVID-19 public health crisis. *See* 29 U.S.C.A. § 2620.

4.      Division E of the FFCRA is referred to as the Emergency Paid Sick Leave Act (or "EPSLA"). It requires that covered employers provide eligible employees with up to two (2) weeks of paid sick leave and job protection for employees who, among others things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

5.      The law further prohibits employers from "from discharging, disciplining or discriminating against any employee because such Employee took Paid Sick Leave under the ESLPA." 29 C.F.R. § 826.150(a).

6.      An Employer who commits a prohibited act described in 29 C.F.R. § 826.150(a) is "considered to have violated 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in section 16 and 17 of the FLSA."  29 C.F.R. § 826.150(a).

## JURISDICTION

7.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331.

8.      Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Hillsborough County, Florida.

9.      The illegal conduct complained of and the resultant injury occurred within the judicial district in and for the Middle District of Florida.

## PARTIES

10.     At all times material to this action, Plaintiff was, and continues to be, a resident of the State of Florida.

11.     At all times material to this action, Defendant, LIGHTGRID, LLC was, and continues to be, a Foreign Limited Liability Company operating and engaged in business in Florida, doing business in Hillsborough County.

12.     At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FFCRA.

13.     From approximately January 16, 2019, until his termination July 15, 2020, Plaintiff was employed by Defendant.

14.     At all times material to this action, Defendant was, and continues to be, "employers" within the meaning of the FFCRA.

15.     At all times material to this action, Defendant, is an employer under

the FFCRA in that they employ less than 500, but more than 15 employees.

16.    At all times material to this action, Plaintiff was an employee entitled to leave under the FFCRA based on the fact that he was employed by Defendants for at least thirty (30) calendar days immediately prior to the day he leave would begin.

## FACTUAL ALLEGATIONS

17.    On January 16, 2019, Defendant hired Plaintiff.

18.    On or around June 30, 2020, Plaintiff went to the MacDill Air Force Base to get his ID card fixed.

19.    Plaintiff saw a testing site and decided to take a COVID test that was free.

20.    Therefore, Plaintiff decided to go to the medical facility on the base to get tested for COVID-19.

21.    After discussing he had been experiencing back pain and some diarrhea in addition to clearance from a supervisor, Plaintiff received a test.

22.    In the meantime while Plaintiff waited for results, he continued to perform his normal work duties from home as usual.

23.    On or around July 7, 2020, Plaintiff received positive results despite being asymptomatic.

24.    Plaintiff immediately notified those employees who he had been in

contact with back at the base since he had been there the previous week.

25.     Shortly after, Plaintiff received a message from his supervisor stating that his position was terminated for breaking safety protocols and for alleged discrepancies in reporting his COVID symptoms upon his arrival at the base previously.

26.     By terminating Plaintiff, Defendants interfered with his right to EPSLA leave.

27.     Defendants discriminated against Plaintiff by terminating his employment because he sought to enforce his rights under the FFCRA. As such, there is a causal link between Plaintiff's request for leave and the adverse employment actions described herein.

28.     Under the FFCRA, Plaintiff is entitled to liquidated damages (including interest) unless Defendants prove their actions were in good faith compliance with the FFCRA and that they had objectively reasonable grounds to think their conduct did not violate the FFCRA.

29.     Plaintiff has incurred attorneys' fees and costs which are recoverable under the FFCRA.

30.     Plaintiff sustained damages as a result of Defendants' conduct including lost compensation and benefits, liquidated damages, and reasonable attorneys' fees and costs.

## COUNT I[1]
## UNPAID SICK LEAVE IN VIOLATION OF FFCRA/EPSLA

31.     Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through thirty (30), above, as if fully set forth herein.

32.     Plaintiff is entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the EPSLA because he was advised by a health care provider to self-isolate.

33.     Defendants refused to pay Plaintiff sick leave pay even though his health care provider required that he self-isolate and not report to work.

34.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered lost wages.

35.     The violations of law complained of herein were willful; accordingly, Plaintiff also seeks liquidated, to the fullest extent available under the law, as well as reasonable attorneys' fees.

WHEREFORE Plaintiff, JOHN GAVIGAN, prays for a trial by jury and all legal and equitable relief allowed by law including:

    a)  Back pay and benefits;

    b)  Interest on back pay and benefits;

---

[1] Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  Once the EEOC issues Plaintiff his Right-To-Sue letter, Plaintiff will amend his complaint to include claims for disability / perceived discrimination, disability retaliation, failure to accommodate and age discrimination and retaliation in violation of the Florida Civil Rights act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act.

c) Front pay and benefits and/or lost earning capacity;

d) Liquidated Damages;

e) Injunctive relief;

f) Prejudgment interest;

g) Costs and attorney's fees; and

h) Such relief as the Court may deem just and proper.

## COUNT II
## RETALIATION OR INTERFERENCE IN VIOLATION OF FFCRA/EPSLA
## (AS TO DEFENDANTS)

36.    Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through thirty (30), above, as if fully set forth herein.

37.    The FFCRA / EPSLA prohibits employers from discharging any employee because the employee took qualifying paid sick leave and requires an employer to restore an employee to the same or equivalent position after taking qualifying sick leave.

38.    Defendants terminated Plaintiff while he was advised by a health care provider to self-isolate due to concerns related to COVID-19.

39.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered lost wages and significant emotional distress because of his termination.

40.    Plaintiff also seeks liquidated and/or compensatory damages, to the

fullest extent of the law, as well as reasonable attorneys' fees.

WHEREFORE Plaintiff, JOHN GAVIGAN, prays for a trial by jury and all legal and equitable relief allowed by law including:

   a) Back pay and benefits;

   b) Interest on back pay and benefits;

   c) Front pay and benefits and/or lost earning capacity;

   d) Compensatory damages;

   e) Liquidated damages if compensatory damages are unavailable;

   f) Injunctive relief;

   g) Prejudgment interest;

   h) Costs and attorney's fees; and

   i) Such relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 13th day of July, 2022.

Respectfully submitted,

**/s/ GREGORY SCHMITZ**
GREGORY R. SCHMITZ, ESQ.
Florida Bar No.: 94694
**/s/ RYAN NASO**
RYAN D. NASO, Esq.
Florida Bar No.: 1010800
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600

Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 204-2208
E-mail: gschmitz@forthepeople.com
rnaso@forthepeople.com
mbarreiro@forthepeople.com
***Attorneys for Plaintiff***